**Joseph CONNORS, et al., Plaintiffs,**

.v.

**PELES COAL COMPANY, INC., et al., Defendants.**

**Civ. A. No. 85–2220.**

United States District Court, District of Columbia.

Jan. 27, 1986.

William Hanrahan, Israel Goldowitz, Thomas S. Gigot, Office of Gen. Counsel, United Mine Workers of America, Health & Retirement Fund, Washington, D.C., for plaintiffs; E. Calvin Golumbic, Rodney F. Page, Nancy S. Heermans, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., of counsel.

John R. Erickson, Pierson, Ball & Dowd, Washington, D.C., Robert W. Lambert, Indiana, Pa., for defendants.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiffs, on behalf of the United Mine Workers of America 1950 Pension Plan and 1974 Pension Plan ("the Plans"), sue defendants Joseph Peles Coal Company, Inc. ("Peles Corp."), Joseph Peles d/b/a Peles Coal Company ("Peles Company") and Joseph Peles individually ("Peles"). Plaintiffs seek declaratory and injunctive relief and an order requiring defendants to make withdrawal liability payments under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001 *et seq.* Presently before the Court are defendants' motion to transfer, the Peles Company's motion to dismiss, and Peles' motion to quash service of process and dismiss for want of *in personam* jurisdiction.

### I.

Defendants, allegedly obligated for withdrawal payments, move to transfer this action under 28 U.S.C. § 1404(a) to the Western District of Pennsylvania for the convenience of 10 to 12 potential witnesses who reside there.

Defendants proffer a variety of defenses on the merits that they contend require live testimony and determination about credibility, e.g., whether defendants are employers and whether their participation in a collective bargaining agreement is a product of duress. Plaintiffs proffer, *per contra,* that defendants' failure timely to submit the withdrawal liability question to arbitration reduces the ultimate controversy to a simple collection question.

█ The extensive arguments on the merits which the parties have already developed in support of and in opposition to the transfer motion, indicate that the issues on the merits are probably susceptible to disposition on summary judgment. Though defendants claim there exist factual issues which preclude summary judgment, discovery, particularly depositions which can be conducted in the Western District of Pennsylvania, may well dispose of these factual issues. *See* Fed.R.Civ.P. 56(e), (f). Furthermore it is well established that ERISA collection cases, all other things being equal, should be litigated at the place of business of the fund involved.

Therefore, it will be time enough to decide about transfer after there has been a serious effort to resolve the dispute here by summary judgment. The parties can easily convert their briefs on the transfer motion (and the motions to dismiss) into briefs in support of and in opposition to summary judgment. Accordingly, the accompanying order will deny defendants' motion to transfer without prejudice and will set a telephone conference for purposes of further scheduling in this matter.

### II.

█ Defendant Peles Company moves to dismiss the complaint with respect to it on the grounds that the Peles Company (as opposed to Peles Corp.) was not a signatory to the 1978 agreement upon which the present action is based. Peles Company further contends that it withdrew from the Plans before September 26, 1980, and thus

is not subject to liability under the MPPAA's withdrawal liability provisions. Peles Company finally claims that the Plans never determined and provided notice of withdrawal liability to Peles Company pursuant to 29 U.S.C. §§ 1381 and 1382.

Plaintiffs respond that under Treasury regulations 26 C.F.R. § 11.414(c)–1 *et seq.*, Peles Corp. and Peles Company constitute a "brother-sister group" of "trades or businesses under common control" and accordingly are treated as a single employer for purposes of withdrawal liability (and notice thereof) under 29 U.S.C. § 1301(b)(1) and regulations promulgated thereunder at 29 C.F.R. Part 2612. Plaintiffs also argue that Peles Company, like Peles, had actual notice of the withdrawal liability determination as notice was provided to Peles as the President of Peles Corp.

Although plaintiffs' claim against Peles Company may not prevail at the summary judgment stage, the allegations of the complaint are sufficient to withstand the motion to dismiss. Dismissal for failure to state a claim is not appropriate unless it is clear that no relief could be granted under any set of circumstances that could be proved consistent with the complaint. *Ammerman v. Miller*, 432 F.2d 621, 626 (D.C. Cir.1970). The better developed record that will be available to the Court in the context of a summary judgment motion will permit decision as to whether plaintiffs' arguments as to notice and "common control" should be countenanced. Accordingly, the accompanying order will deny Peles Company's motion to dismiss.

### III.

Defendant Peles moves the Court for an order quashing service of process on him and dismissing the complaint for want of jurisdiction over his person. Peles claims that the definition of "employer" found in 29 U.S.C. § 1002(5),[1] upon which plaintiffs rely for their claim against Peles, is applicable to Title I of ERISA and is broader than the definition of "employer" applicable in withdrawal liability actions under Title IV. Peles also claims, as did Peles Company, that plaintiffs failed to satisfy notice and demand requirements with respect to him (as opposed to Peles Corp.). Peles finally argues that service of process upon him is not authorized under 29 U.S.C. § 1451(d)[2] as Peles is not an "employer" (and thus not properly a defendant) for purposes of ERISA's withdrawal liability provisions.

Plaintiffs persuasively respond that, given the provisions of 29 U.S.C. § 1451(d), Peles' motion to quash service of process and dismiss for want of personal jurisdiction over him should not succeed unless he is improperly named as an "employer" and defendant (i.e., unless he would succeed on a Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted). Plaintiffs argue that even if Peles' motion were treated as one under Rule 12(b)(6), it must fail as the complaint states "a valid claim against Peles, individually, by virtue of his status as sole proprietor of [Peles Company] and of his status as controlling stockholder, officer, and decision-maker of [Peles Corp.] with respect to the Plans." Memorandum of Points and Authorities in Opposition to Motion of Joseph Peles, Individually, to Quash Service of Process and to Dismiss for Want of *In Personam* Jurisdiction at 9 (filed October 4, 1985). Plaintiffs contend that Peles is properly deemed an "employer" and named individually as defendant for purposes of withdrawal liability, as Congress incorporated Title I's provisions (including the definition of "employer")

---

1. Section 1002 states in pertinent part that:

   For purposes of this title:
   (5) The term "employer" means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

2. Section 4301(d) of ERISA, 29 U.S.C. § 1451(d) states:

   An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

into the withdrawal liability provisions of Title IV.

Once again (and treating the motion as one to dismiss for failure to state a claim), resolution on this issue must await fuller development of the factual record. While it seems likely that this issue (as those discussed above) may be resolved on motion for summary judgment, the allegations of the complaint suffice to withstand the motion to dismiss.[3] The issues as to adequacy of notice and demand are also more appropriately joined in a summary judgment motion, where affidavits and depositions may reveal that there is no genuine dispute as to any material fact. For these reasons, the accompanying order will also deny the motion to quash service of process and dismiss for want of personal jurisdiction.

---

3. *Compare Combs v. Sun-Up Coal Co.,* 634 F.Supp. 13 (D.D.C.1985), in which Judge Harold H. Greene found dismissal appropriate where [p]laintiffs … failed to allege any facts which would support their claim that the individual defendants here are "employers" within the meaning of section 3(5). Plaintiffs have alleged only that these defendants were the officers and sole shareholders of Sun-Up. There is nothing in the record to suggest that they were the alter ego of the corporation or were otherwise personally responsible for the corporation's withdrawal from the Plans. Id. at 19. In contrast, the parties' pleadings and oral arguments suggest that Peles, unlike the Sun-Up officers, may have been "otherwise personally responsible" for the withdrawal here. Judge Greene's thorough and persuasive opinion does, however, well frame the issues for a summary judgment motion with respect to Peles individually.